1

**U. S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

Case No: PHI9702004792

**United States of America:**
**(Estados Unidos de América:)**

File No. A074 992 221
*(No. de registro)*

Dated    February 12, 1997 5:14 PM
*(Fechada)*

In the matter of
*(En el asunto de)*

Daniel George BROWN                                        (Respondent)
                                                          *(Demandado)*

Address
*(Dirección)*

7900 LINDBERGH BOULEVARD APARTMENT 4609

PHILADELPHIA, PA 19153-

Telephone No. (Area Code)    215 937-0006
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of JAMAICA                        and a citizen of JAMAICA                        ;
   *(Ud. es nativo de)*                                *(y ciudadano de)*

3) You entered the United States at or near  NEW YORK, NY             on or about September 23, 1992   ;
   *(Ud. entró a los Estados Unidos en o cerca de )*          *(el día o hacia esa fecha)* 23 de Septiembre, 1992

4) At that time you were admitted as a nonimmigrant visitor with
   authorization to remain in the United States for a temporary period not to
   exceed March 22, 1993.

   (En ese momento, Ud. fue admitido como un no inmigrante visitante con
   autorización para permanecer en los Estados Unidos por un período temporal
   de no más de 22 de marzo de 1993.)

5) You remained in the United States beyond March 22, 1993 without
   authorization from the Immigration and Naturalization Service.

   (Ud. permanecío en los Estados Unidos más allá de 22 de marzo de 1993 sin
   autorización del Servicio de Inmigración y Naturalización.)

6) You were, on April 24, 1995, convicted in the Court of Common Pleas,
   County of Philadelphia, in and for the Commonwealth of Pennsylvania for
   the offenses of Possession of a Controlled Substance, and Possession of a
   Controlled Substance With Intent to Deliver/Distribute, in violation of
   Title 35 of the Pennsylvania Consolidated Statutes, Sections

SEE ATTACHMENT PAGE FOR ADDITIONAL ALLEGATIONS (VEA PAGINA ADJUNTA CON ALEGATOS ADICIONALES)

Form I-221  (Rev. 6/12/92) N

**U. S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Continuation Sheet
*(Hoja complementaria)*

Dated    **February 12, 1997 5:14 PM**
*(Fechada)*    Case No: **PHI9702004792**

File No.    **A074 992 221**

Respondent    **Daniel George BROWN**
*(Demandado)*    *(No. de registro)*

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

**(Y** *según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241(a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted.

(Sección 241(a) (1) (B) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que después de su admisión como no inmigrante a tenor de la sección (101)(a) (15) de la INA, Ud. permaneció en los Estados Unidos por un periodo mayor del permitido)

Section 241(a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in section 101(a) (43) of the Act.

(Sección 241(a) (2) (A) (iii) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que, en algún momento después de su entrada, Ud. ha resultado convicto de una felonía agravada, según se define en la sección 101(a) (43) de la INA.)

**SEE ATTACHMENT PAGE FOR ADDITIONAL CHARGES (VEA PAGINA ADJUNTA PARA LOS CARGOS ADICIONALES)**

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address    **TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE. NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.**
*(Dirección)*    **(La Oficina del juez de inmigracion enviara un aviso a la direccion**

On    **facilitada por el demandado con la fecha de la audiencia.)**    At _____ .m.
*(Fecha)*    *(Hora)*

and show cause why you should not be deported from the United States on the charge(s) set forth above.
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

Dated    **February 12, 1997 5:14 PM**    Signature of Issuing Officer    **CHARLES W. ZEMSKI**
*(Fechada)*    *(Firma del funcionario que la expide)*

City and State of Issuance    **Philadelphia, Pa**    Title of Issuing Officer    **ASSISTANT DISTRICT DIRECTOR, INVEST**
*(Ciudad y Estado donde se expide)*    *(Título del funcionario que la expide)*

**U.S. Department of Justice**
Immigration and Naturalization Serv.

Continuation Page for Form    I-221

| Alien's Name | File Number | Date |
|---|---|---|
| Daniel George BROWN | PHI9702004792<br>A074 992 221 | February 12, 1997 5:14 PM |

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

780-113(a)(16)(30).

(Ud. resultó convicto en el 24 de abril de 1995, en el Tribunal del
condado de Philadelphia, en y para el Commonwealth de Pennsylvania por los
delitos de posesion de una sustancia controlada, and posesion de una
sustancia controlada como intencion a distribuir, en violación de Titulo
35 de los Estatutos de Pennsylvania, Secciones 780-113(a)(16)(30).)

7) You were, on June 23, 1995, convicted in the Court of Common Pleas, County
of Philadelphia, in and for the Commonwealth of Pennsylvania, for the
offenses of Possession of a Controlled Substance, and Possession of a
Controlled Substance With Intent to Deliver/Distribute, in violation of
Title 35 of the Pennsylvania Consolidated Statutes, Sections
780-113(a)(16)(30).

(Ud. resultó convicto en el 23 de junio de 1995, en el Tribunal del
condado de Philadelphia, en y para el Commonwealth de Pennsylvania por los
delitos de posesion de una sustancia controlada, y posesion de una
sustancia controlada como intencion a distribuir, en violación de Titulo
35 de los Estatutos de Pennsylvania, Secciones 780-113(a)(16)(30).)

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the
following provision(s) of law:
*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguente(s)
disposicion(es) de la ley:)*

Section 241(a)(2)(B)(i) of the Immigration and Nationality Act (Act),
as amended, in that, at any time after entry, you have been convicted of a
violation of (or a conspiracy or attempt to violate) any law or regulation
of a State, the United States, or a foreign country relating to a
controlled substance (as defined in section 102 of the Controlled
Substances Act, 21 U.S.C. 802), other than a single offense involving
possession for one's own use of 30 grams or less of marijuana.

(Sección 241(a)(2)(B)(i) de la Ley de Inmigración y Nacionalidad (INA),
según enmendada, en que, en algún momento después de su entrada, Ud. ha
resultado convicto de una violación de (o una conspiración o intento de
violación) de alguna ley o reglamentación de un Estado, de los Estados
Unidos, o de un país extranjero referente a una sustancia controlada
[según se define en la sección 102 de la Ley de Sustancias Controladas, 21
U.S.C. 802], con excepción de un delito sencillo en relación a la posesión
de 30 gramos o menos de marihuana para uso personal.)

| Signature | Title |
|---|---|
| *Charles W. Zemski* | ADDF |

Form I-831 Continuation Page (Rev. 6/12/92)

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below.  You must report any changes of your address or telephone number in writing to this office:

Esta Orden de presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

### The Office of the Immigration Judge

1600 Callowhill Street

Suite 400

Philadelphia, Pennsylvania 19130-

---

Certificate of Translation and Oral Notice

Case No: PHI9702004792
Alien File No: A074 992 221

This Order to Show Cause [X] was  [ ] was not   read to the named alien in the __ENGLISH_____ language, which is his/her native language or a language which he/she understands.

February 13, 1997
Date                              Signature                                    Printed Name and Title of Translator

Address of Translator (If other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| [X] Personal Service to Alien | INDEX |
| [ ] Certified Mail - Return Receipt Requested | |
| [ ] Alien | |
| [ ] Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at __Philadelphia, PA__ on __February 13__ 19 _97_
at __4:00 p__ m.

_Deborah E. Doheny_                    DEBORAH E. DOHENY    AGENT    PHI
Officer's Signature                     Printed Name                Title              Office

X _Daniel Brown_
Alien's Signature (acknowledgement/receipt of this form)
*(Firma de extranjero/acuse de recibo)*

Daniel George BROWN

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
*(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

Signature of Respondent                                                  Date
*(Firma de demandado)*                                                *(Fecha)*

Form I-221  (Rev. 6/12/92) N                                                    Page 5

**2**

# In the Common Pleas Court of Philadelphia

☑ MUNICIPAL COURT

☐ FAMILY COURT DIVISION                    ☐ TRIAL DIV., CRIMINAL SECTION

COMMONWEALTH                                    FEBRUARY _____ Term, 19 __94__

vs.                                             No. _____ 0929

CHOLEY MCKENZIE                                 Sur Charge

*I CERTIFY* the foregoing to be a true and correct copy of the whole Record, in the case above stated, as full, entire and complete as the same now remains of Record in this office.

*IN TESTIMONY WHEREOF,*   I have hereunto set my hand and affixed the seal of the said Court this            27            day of      SEPTEMBER            A.D., 19  95

_____
Clerk of Courts

6-204 (Rev. 12/79)

CRIMINAL TRANSCRIPT
PHILADELPHIA MUNICIPAL COURT

| COMMONWEALTH VS. | | OTN. 00000000 MC | | YR. 94 | MO. 02 | NUMBER 0929 |
|---|---|---|---|---|---|---|
| MCKENZIE CHOLEY 04934 KERSHAW ST. PHILA. PA 19100 | | COMPLAINT FILED BY (Name & Ident. or Address) A/O | | | DATE 02/17/94 | |

**CHARGE(S)**
1330　F MFG/DEL/PWID　　　　　　1316　M K/I/POSSESS

| ARRESTED ON 02/16/94 | BY (Name & Indent.) | COMMENTS | |
|---|---|---|---|
| NEXT ACTION DATE 03/09/94 | TIME 0830 | LOCATION CITY HALL - COURT ROOM 146 | POLICE PHOTO NO. 790648 |

**ARRAIGNMENT**

BAIL SET AT $2500 RTY
A.D.A. BATOFF
ATTORNEY FOR DEFENDANT PD
DISPOSITION
SIGNATURE OF JUDGE/BAIL COMMISSIONER
NAME OF JUDGE/BAIL COMMISSIONER WATSON R.
SEX　RACE　D.O.B.
ARRAIGN. DATE 02/17/94　TIME 1825
COURT CLERK JOHNSON

**PRELIMINARY HEARING OR TRIAL CONTINUANCES**

| FIRST ACTION 3/9/94 | CONTINUED TO | REASON FOR CONTINUANCE FTA ND or GOVS | CODE | ☑ B.W. Issued ☐ B.O.S.O. | JUDGE |
|---|---|---|---|---|---|
| FURTHER ACTION 12/30/94 | CONTINUED TO 2/7/95 195 | REASON FOR CONTINUANCE DWIWD "1000 Nb 500 INN. | CODE | ☐ B.W. Issued ☐ B.O.S.O. | JUDGE |
| FURTHER ACTION 2/7/95 95 | CONTINUED TO 3/30/95 116 | REASON FOR CONTINUANCE Commonwealth ready | CODE | ☐ B.W. Issued ☐ B.O.S.O. | JUDGE |
| FURTHER ACTION 116 3-30-95 | CONTINUED TO 296 5-17-95 | REASON FOR CONTINUANCE edward defense rqust atty busy elsewhere | CODE | ☐ B.W. Issued ☐ B.O.S.O. | JUDGE |

**PRELIMINARY HEARING DISPOSITION**

| DATE | PLACE | ATTORNEY FOR DEFENDANT (Name & Address) | |
|---|---|---|---|
| COURT CLERK | COURT REPORTER | ATTY. NO. | ADA |

After (waiving) hearing, above defendant is held for Court as follows:
(Amount of Bail)　　　(Charge)

ARRAIGNMENT DATE & ROOM

It is ordered that the charge(s) against the defendant are to be presented to the District Attorney for the preparation of an information.

DATE　　JUDGE

**TRIAL DISPOSITION DATE** — sa open stip

| DATE 6-23-95 | PLACE 196 | ATTORNEY FOR DEFENDANT John Olbert | ATTY. NO. |
|---|---|---|---|
| COURT CLERK Ann Margavian | COURT REPORTER Gilbert Orton | PLEA not guilty | VERDICT guilty | ATTY. FOR PROSECUTION Neil Masia |

SENTENCE: 18 months reporting prob with anix & alcohol unit with mandatory cost $34.50. $50.00 33.00 VCF D ANVF 1.50 Judicial fee total 126.00 pay w/in one year prob fee waiver

by the Court

I hereby certify that the above is a true and correct return and transcript. Witness my hand and Official Seal.

JUDGE　　DATE 6-23-95　(Seal)

30-389 (REV. 12/85)　　　CLERK OF QUARTER SESSIONS

95011184

BOOKING # 00000          PHILADELPHIA COUNTY

CRIMINAL COMPLAINT                    FELONY P/H          DC# 94-71-000525
COMMONWEALTH OF PENNSYLVANIA                              MC# 94-2-929
COMMONWEALTH OF PENNSYLVANIA VS.  CHOLEY  MCKENZIE

I, THE UNDERSIGNED, DO HEREBY STATE UNDER OATH OR AFFIRMATION:

(1) MY NAME IS:                          DISTRICT ATTORNEY'S REPRESENTATIVE

(2) I ACCUSE CHOLEY  MCKENZIE          WHO LIVES AT
    4934 KERSHAW     ST.., PHILA.    PA.,
    WITH VIOLATING THE PENAL LAWS OF PENNSYLVANIA ON OR ABOUT
    WEDNESDAY, FEBRUARY  16, 1994 IN THE COUNTY OF PHILADELPHIA.

(3) THE ACTS COMMITTED BY THE ACCUSED WERE:

AT 5335 CHESTNUT ST.
THE DEFENDANT UNLAWFULLY SOLD AND DELIVERED
1 PACKET OF MARIJUANA
TO AN UNDERCOVER POLICE OFFICER AND POSSESSED AN ADDITIONAL
3 PACKETS OF MARIJUANA
OF SUFFICIENT WEIGHT AND/OR UNDER SUFFICIENT CIRCUMSTANCES
AS TO INDICATE AN INTENT TO DELIVER


    IN VIOLATION OF PA. PENAL LAWS, SECTION(S) AND TITLE(S):

    1330-F    MFG/DEL/PWID          1316-M    K/I/POSSESS




ALL OF WHICH IS AGAINST THE PEACE AND DIGNITY OF THE COMMONWEALTH OF PA.
  (4) I ASK THAT A WARRANT OF ARREST OR A SUMMONS BE ISSUED AND THAT THE
      ACCUSED BE REQUIRED TO ANSWER THE CHARGES I HAVE MADE.  THIS COMPLAINT
      HAS BEEN REVIEWED AND APPROVED BY MICHELLE FIORAVANTI A.D.A.
  (5) I SWEAR TO OR AFFIRM THE WITHIN COMPLAINT UPON MY KNOWLEDGE, INFORMATION
      AND BELIEF, AND SIGN IT ON             , BEFORE PHILA. MUNICIPAL COURT
      JUDGE/BAIL COMMISSIONER

_____          _____
                                        SIGNATURE OF AFFIANT

ON           THE ABOVE NAMED AFFIANT SWORE OR AFFIRMED THAT THE FACTS SET
FORTH IN THE COMPLAINT WERE TRUE AND CORRECT TO THE BEST OF HIS/HER
KNOWLEDGE, INFORMATION AND BELIEF, AND SIGNED IT IN MY PRESENCE.  I BELIEVE
THE WITHIN AFFIANT TO BE A RESPONSIBLE PERSON AND THAT THERE IS PROBABLE
CAUSE FOR THE ISSUANCE OF PROCESS.
                                        _____
                                        ISSUING AUTHORITY          SEAL

WAIVER:  ON   /  / , I APPEARED BEFORE JUDGE/BAIL COMMISSIONER
WHO READ THE ABOVE COMPLAINT TO ME AND EXPLAINED ITS CONTENTS, AND I HEREBY
WAIVED PRELIMINARY HEARING AND CONSENT TO BE BOUND OVER TO COURT.


_____          _____
     DEFENDANT                               DEFENSE ATTORNEY

**3**

# In the Common Pleas Court of Philadelphia

☐ **MUNICIPAL COURT**

☐ FAMILY COURT DIVISION                    ☐ TRIAL DIV., CRIMINAL SECTION

COMMONWEALTH                                             ___DECEMBER___ Term, 1994

vs.                                                  No. _____ 2739 _____

DANIEL BROWN                               Sur Charge

*I CERTIFY* the foregoing to be a true and correct copy of the whole Record, in the case above stated, as full, entire and complete as the same now remains of Record in this office.

*IN TESTIMONY WHEREOF,* I have hereunto set my hand and affixed the seal of the said Court this             27           day of        SEPTEMBER              A.D., 1995   .

_Myrtis A. Gordon_
                                                          **Clerk of Courts**

6-204 (Rev. 12/79)

# CRIMINAL TRANSCRIPT
## PHILADELPHIA MUNICIPAL COUR.

| COMMONWEALTH VS. | | | TERM | | NUMBER |
|---|---|---|---|---|---|
| | | | YR. | MO. | |
| BROWN        DANIEL<br>01498 N 52ND       ST.<br>PHILA.    PA 19100 | QTN.  M6378573  **MC** | | 94 | 12 | 2739 |
| | COMPLAINT FILED BY *(Name & Ident. or Address)*<br>A/O | | | | DATE<br>12/27/94 |

**CHARGE (S)**
1330    F MFG/DEL/PWID                    1316    M K/I POSSESS

| ARRESTED ON<br>12/26/94 | BY *(Name & Indent.)*<br>RIDDICK 2475 | COMMENTS<br>CCTV 18TH | | (BW) |
|---|---|---|---|---|

| | NEXT ACTION | DATE<br>2-2-95 | TIME<br>0800 | LOCATION<br>5500 PINE STREET  CTY HALL 146 | POLICE PHOTO NO.<br>790646 |
|---|---|---|---|---|---|
| **ArrRAIGNMeNT** | BAIL SET AT<br>$ 10,000&0B # | DISPOSITION | | SEX    RACE    D.O.B. | |
| | A.D.A.<br>BERRY | SIGNATURE OF JUDGE/BAIL COMMISSIONER<br>Polokoff | | ARRAIGN. DATE<br>12/27/94 | TIME<br>17:26 |
| | ATTORNEY FOR DEFENDENT<br>P.D. | NAME OF JUDGE/BAIL COMMISSIONER<br>POLOKOFF | | COURT CLERK<br>BRADY, T. | |

## PRELIMINARY HEARING OR TRIAL CONTINUANCES

| FIRST ACTION<br>2-2-95 | CONTINUED TO<br>3-6-95 | REASON FOR CONTINUANCE<br>146 no Disc | CODE<br>3013 | ☐ B.W. Issued<br>☐ B.O.S.O. | JUDGE |
|---|---|---|---|---|---|
| FURTHER ACTION<br>3-6-95 | CONTINUED TO<br>4-24-95 | REASON FOR CONTINUANCE<br>675 Taylor | CODE<br>3013 | ☐ B.W. Issued<br>☐ B.O.S.O. | JUDGE |
| FURTHER ACTION | CONTINUED TO | REASON FOR CONTINUANCE | CODE | ☐ B.W. Issued<br>☐ B.O.S.O. | JUDGE |
| FURTHER ACTION | CONTINUED TO | REASON FOR CONTINUANCE | CODE | ☐ B.W. Issued<br>☐ B.O.S.O. | JUDGE |

## PRELIMINARY HEARING DISPOSITION

| DATE | PLACE | ATTORNEY FOR DEFENDANT *(Name & Address)* | |
|---|---|---|---|
| COURT CLERK | COURT REPORTER | ATTY. NO. | ADA |

*After (waiving) hearing, above defendant is held for Court as follows:*
*(Amount of Bail)        (Charge)*

ARRAIGNMENT DATE & ROOM

t is ordered that the charge(s) against the defendant are to be presented    DATE        JUDGE
to the District Attorney for the preparation of an information.

Hon. Seamus P. McCaffery

## TRIAL DISPOSITION DATE

| DATE<br>4-24-95 | PLACE<br>675 | ATTORNEY FOR DEFENDANT<br>John Elbert Esq. | | ATTY. NO. |
|---|---|---|---|---|
| COURT CLERK<br>O.K. LeSueur | COURT REPORTER<br>Heide Donaldson | PLEA<br>Not Guilty | VERDICT<br>Guilty | ATTY. FOR PROSECUTION<br>John Caruso |

**SENTENCE**
One (1) year Drug and Alcohol Probation. Seventy-five (75) hours Community Service during probation. Pay $126. costs within one (1) year.

By the Court

I hereby certify that the above is a true and correct    JUDGE                    DATE
and transcript. Witness my hand and Official Seal.                          d. 4-24-95    (Seal)

REV. 12/85)                    CLERK OF

2407 09:32                    COMMONWEALTH OF PENNSYLVANIA            12/27/94
DOKING # 00000                     PHILADELPHIA COUNTY

CRIMINAL COMPLAINT                          FELONY P/H        DC# 94-12-081468
COMMONWEALTH OF PENNSYLVANIA                                  MC# 9418 2739
COMMONWEALTH OF PENNSYLVANIA VS.  DANIEL  BROWN
                    AKA  CHOLEY  MCKENZIE
I, THE UNDERSIGNED, DO HEREBY STATE UNDER OATH OR AFFIRMATION:

(1) MY NAME IS:   D. LLOYD              DISTRICT ATTORNEY'S REPRESENTATIVE

(2) I ACCUSE DANIEL  BROWN               WHO LIVES AT
       1498 N 52ND     ST.., PHILA.     PA.,
       WITH VIOLATING THE PENAL LAWS OF PENNSYLVANIA ON OR ABOUT
       MONDAY   , DECEMBER  26, 1994 IN THE COUNTY OF PHILADELPHIA.

(3) THE ACTS COMMITTED BY THE ACCUSED WERE:

AT 5500 CHESTER AVE,
THE DEFENDANT UNLAWFULLY POSSESSED
35 PACKETS OF MARIJUANA
(PNW: 65.2 GRAMS)
OF SUFFICIENT WEIGHT AND/OR POSSESSED UNDER SUFFICIENT CIRCUMSTANCES
AS TO INDICATE AN INTENT TO DELIVER


       IN VIOLATION OF PA. PENAL LAWS, SECTION(S) AND TITLE(S):

       1330-F   MFG/DEL/PWID              1316-M   K/I POSSESS




ALL OF WHICH IS AGAINST THE PEACE AND DIGNITY OF THE COMMONWEALTH OF PA.
   (4) I ASK THAT A WARRANT OF ARREST OR A SUMMONS BE ISSUED AND THAT THE
       ACCUSED BE REQUIRED TO ANSWER THE CHARGES I HAVE MADE.  THIS COMPLAINT
       HAS BEEN REVIEWED AND APPROVED BY CYNTHIA MARTELLI A.D.A.
   (5) I SWEAR TO OR AFFIRM THE WITHIN COMPLAINT UPON MY KNOWLEDGE, INFORMATION
       AND BELIEF, AND SIGN IT ON 12-27-94 BEFORE PHILA. MUNICIPAL COURT
       JUDGE/BAIL COMMISSIONER

   _____        _____
                                              SIGNATURE OF AFFIANT

ON 12/27/94, THE ABOVE NAMED AFFIANT SWORE OR AFFIRMED THAT THE FACTS SET
FORTH IN THE COMPLAINT WERE TRUE AND CORRECT TO THE BEST OF HIS/HER
KNOWLEDGE, INFORMATION AND BELIEF, AND SIGNED IT IN MY PRESENCE.  I BELIEVE
THE WITHIN AFFIANT TO BE A RESPONSIBLE PERSON AND THAT THERE IS PROBABLE
CAUSE FOR THE ISSUANCE OF PROCESS.

                                        _____
                                              ISSUING AUTHORITY           SEAL

WAIVER:  ON   /  /  , I APPEARED BEFORE JUDGE/BAIL COMMISSIONER
WHO READ THE ABOVE COMPLAINT TO ME AND EXPLAINED ITS CONTENTS, AND I HEREBY
WAIVED PRELIMINARY HEARING AND CONSENT TO BE BOUND OVER TO COURT.


   _____        _____
       DEFENDANT                              DEFENSE ATTORNEY

**4**

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
103 SOUTH GAY STREET, RM 702
BALTIMORE, MD  21202

In the Matter of:                    Case No.: A74-992-221
BROWN, DANIEL
                                     Docket: YORK COUNTY PRISON

RESPONDENT                           IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the
respondent is deportable on the charge(s) in the Order to Show Cause.

Respondent has made no application for relief from deportation.

It is HEREBY ORDERED that the respondent be deported from the United States
to JAMAICA on the charge(s) contained in the Order to Show Cause.

It is FURTHER ORDERED that if the aforenamed country advises the Attorney
General that it is unwilling to accept the respondent into its territory or
fails to advise the Attorney General within three months following original
inquiry whether it will or will not accept respondent into its territory,
respondent shall be deported to

If you fail to appear for deportation at the time and place ordered by the INS,
other than because of exceptional circumstances beyond your control (such as
serious illness of the alien or death of an immediate relative of the alien,
but not including less compelling circumstances), you will not be eligible
for the following forms of relief for a period of five years after the date
you were required to appear for deportation:

    (1)  Voluntary departure as provided for in section 242(b) of the
        Immigration and Nationality Act;
    (2)  Suspension of deportation or voluntary departure as provided for in
        section 244(e) of the Immigration and Nationality Act; and
    (3)  Adjustment of status or change of status as provided for in section
        245, 248 or 249 of the Immigration and Nationality Act.

LISA DORNELL
Immigration Judge
Date: Mar 18, 1997

Appeal:  WAIVED  (A/I/B)

Form EOIR 7 - 4T
MVT

5



**UNITED STATES OF AMERICA**
**DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**

## WARRANT OF DEPORTATION

No. A74 992 221

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien

BROWN, Daniel George

who entered the United States at ___New York, NY___ on ___September 23, 1992___

under the following provisions of the laws of the United States, to wit:

Section 241(a)(2)(B)(i) of the Immigration and Nationality Act
Section 241(a)(1)(B) of the Immigration and Nationality Act
Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the transportation company which brought him to the United States if practicable, otherwise at the expense of the appropriation "Salaries and Expenses, Immigration & Naturalization Service, 1996" including the expenses of an attendant, if necessary.

Signature _M. Frances Holmes_

Title ___Acting District Director___

Date ___March 18, 1997___

Place ___Philadelphia, Pennsylvania___

Form I-205
(Rev. 11-29-79)N

# WARRANT FOR DEPORTATION OF

BROWN, Daniel George
**(Name of Deportee)**

Deported at the Port of ___PHI___ on ___3/31/97___
**(Port of Departure from the U.S.)**           **(Date of Departure)**

via ___USAIR #1887___
**(Manner of Departure; identify airline or ship, if other, explain)**

Departure witnessed by: ___Ron Bauer, DEO___
**(Signature and Title of Officer)**

If actual departure NOT witnessed, fully identify source or means of departure verification:

_____

If self-deportation pursuant to 8 CFR 243.5, check here: ___

Officer Executing Warrant: ___Ken A. Lewis___ DEO
**(Signature and Title)**

Date form completed: ___3/31/97___
Comments:

Right index finger print



X ___Daniel Brown___
**(Signature of person fingerprinted)**

___Ron Bauer___
**(Signature of official taking prints)**

___DEO___
**Title of official taking prints**

A#      A74 992 221

**U.S. Department of Justice**

Immigration and Naturalization Service

Notice of Country to which Deportation has

been directed and Penalty for Re-entry without permission

File Number: A74 992 221

Date: March 18, 1997

BROWN, Daniel George
C/O US INS

Dear:    BROWN, Daniel George

This is a warning.  Please read carefully.
It has been ordered that you be deported to          Jamaica.

You will be informed, if appropriate, when departure arrangements are complete.  If needed, we will assist you as much as possible in arranging your personal affairs for your departure.  However, you may be deported at any time and without further notice.

Should you wish to return to the United States you must write to this office or the United States Consular Office nearest your residence abroad as to how to obtain permission to return after deportation.  Permission must be obtained from the Attorney General if you are seeking admission within five (5) years of deportation or removal, or within twenty (20) years if your deportation was subsequent to a conviction for an aggravated felony.

By law, (Title 8 United States Code, Section 1326), any alien who has been arrested and deported or excluded and deported who enters, attempts to enter, or is at any time found in, the United States shall be subject to the penalties listed below unless, prior to his reembarkation at a place outside of the United States or his application for admission from a foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission:

    (a) Any such alien, other than an alien convicted of a felony, shall be fined not more than $250,000.00 or imprisoned for not more than two (2) years.  [8USC 1326(a)]

    (b) Any such alien whose deportation was subsequent to a conviction for a felony (other than an aggravated felony) shall be fined not more than $250,000.00, imprisoned for not more than five (5) years, or both.  [8USC 1326(b)(1)]

    (c) Any such alien whose deportation was subsequent to a conviction for an aggravated felony shall be fined not more than $250,000.00, imprisoned for not more than fifteen (15) years, or both.  [8USC 1326 (b)(2)]

Served by:  Personal Service / Certified Mail, RRR

Served on:  3/31/97

Officer's Signature:

Alien's Signature:

X Daniel Brown

Form I-294 (Rev.06/12/92)N

Very truly yours,

M. Frances Holmes

M. Frances Holmes

Acting District Director

Alien right index print

**6**

U. S. Department of Justice
Immigration and Naturalization Service



# REPORT OF INVESTIGATION

| Title | File Number | Date |
|---|---|---|
| Daniel George BROWN | A74 992 221 | 7/27/00 |
| | | **Report Number** |
| | | 1 |

| Special Agent: (Name) | *(Signature)* | Office |
|---|---|---|
| Michele Kennedy | *Michele Kennedy* | PHI |

| Approved by: (Name & Title) | *(Signature)* | Office |
|---|---|---|
| SSA Patricia Mullin | *Patricia Mullin* | PHI |

On 3/15/2000, Daniel George BROWN was arrested by FBI/Philadelphia and charged with bank fraud and related charges. At the time of the arrest, BROWN was fingerprinted by FBI agents and his fingerprint card was sent to the FBI for classification. The fingerprints were compared to FBI rap sheet number 808152VA5 and determined to be a match. Rap sheet number 808152VA5 is in the name of Choley MCKENZIE and the alias name of Daniel George BROWN. A copy of rap sheet number 808152VA5 is attached to this report.

This rap sheet reveals that Choley MCKENZIE a/k/a Daniel George BROWN was arrested by USINS/Philadelphia on 2/12/1997 and deported from the US on 3/31/1997. The alien number assigned to Choley MCKENZIE a/k/a Daniel George BROWN is A74 992 221.

The writer has reviewed alien file A74 992 221 and confirmed that Choley MCKENZIE a/k/a Daniel George BROWN was deported from the US on 3/31/1997 from Philadelphia, PA. That deportation occurred after Choley MCKENZIE a/k/a Daniel George BROWN was convicted of aggravated felony drug offenses. Subject did not apply for or receive permission to reenter the US. A warrant for arrest was issued in USDC/MDPA for Daniel George BROWN on 10/6/1998 for violation of 8 USC, Section 1326(a)/reentry after deportation.

FORM G-166 (Rev. 9-1-85) N    *U.S. GPO: 1991-282-065/44283

7

AO 245 B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

### VS.

DANIEL GEORGE BROWN

JUDGMENT IN A CRIMINAL CASE

(For Offense Committed on or after November 1, 1987)

CASE NUMBER: CR-98-00233-001
CR-99-00037-001

**FILED**
HARRISBURG, PA

APR 1 8 2001

Gerald A. Lord, Esquire
Defendant's Attorney

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**THE DEFENDANT:**

[x] pleaded guilty to count(s) CR-98-00233-001 Counts 1S and 2S; CR-99-00037-001 Counts 1S and 2S
[ ] pleaded nolo contendere to count(s)_____
   which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____after a plea of not guilty.

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| CR-98-00233-001 and CR-99-00037-001 - SAME INFORMATION | | | |
| 18:371 | Conspiracy | April 1998 | 1S |
| 8:1326(a) & (b)(2) | Reentry of Deported Aliens | June 9, 2000 | 2S |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____
[x] Count(s) 1 in CR-98-00233-001 and Count 1 in CR-99-00037-001 are dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 09/04/1973
Defendant's USM NO.: 54090-066

Defendant's Mailing Address:
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19405

Defendant's Residence Address:
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19405

April 18, 2001
Date of Imposition of Sentence

_William W. Caldwell_

William W. Caldwell
United States District Judge

4/18/01
Date

Certified from the record
Date 4/18/01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

★U.S.GPO:1990-722-448/10286

AO 245 B (Rev. 8/96) Sheet 2 - Imprisonment

Defendant:   Daniel George Brown                                    Judgment-Page _2_ of _6_
Case Number: CR-98-00233-001 and CR-99-00037-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _Fifty-One (51) months. This term consists of terms of 51 months on each of Counts I and II, to be served concurrently._

[ ] The court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at _____ a.m./p.m. on _____.
    [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.
    [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place
    of confinement.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy Marshal

AO 245 B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page _3_ of _6_

Defendant:    Daniel George Brown
Case Number:  CR-98-00233-001 and CR-99-00037-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _Two (2) years. This term consists of_ terms of Two (2) years on each of Counts I and II, to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

For offenses committed on or after September 13, 1994:
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
[ ] The above drug testing condition is suspended based on the court's determination that the defendant posses a low risk of future substance abuse. (Check, if applicable.)
[x] While on supervised release, the defendant shall not possess a firearm as defined in 18 U.S.C. 921.(Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional conditions:

1. The defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $50.
2. If ordered deported, the defendant shall remain outside the United States and supervision will be on a non-reporting basis.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) the defendant as directed by the probation officer, shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.

AO 245 B (Rev. 8/96) Sheet 5 - Financial Penalties

Defendant:   Daniel George Brown                                               Judgment-Page _4_ of _6_
Case Number: CR-98-00233-001 and CR-99-00037-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on
Sheet 5, Part B.

|          | Assessment | Fine | Restitution |
|----------|-----------|------|-------------|
| Totals:  | $200.00   | $    | $44,664.38  |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .... $_____

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $_____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date
of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and
delinquency pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    [ ] The interest requirement is waived.
    [ ] The interest requirement is modified as follows:

### RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after 9/13/1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

[x] The defendant shall make restitution to the following payees in the amounts listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified
otherwise in the priority order of percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-------------------------|-------------------------------|------------------------------------------|
| Harris Savings Bank P.O. Box 1711, Harrisburg, PA 17105-1711 ATTENTION: Security Department |  | $13,892.76 |  |
| Dauphin Deposit Bank 3609 Derry Street, Harrisburg, PA 17111 Account No. 901-02-02 ATTENTION: Corporate Security Office |  | $10,382.31 |  |
| PNC 4242 Carlisle Pike, Camp Hill, PA 17011 ATTENTION: Robert M. Stover, II, Security Officer |  | $20,389.31 |  |
| Totals:  $_____ |  | $ 44,664.38 |  |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed
on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 8/96) Sheet 5, Part B—Financial Penalties

Defendant:    Daniel George Brown                                    Judgment-Page  5  of  6
Case Number: CR-98-00233-001 and CR-99-00037-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payments of the total fine and other criminal monetary penalties shall be due as follows:

A |x| in full immediately; or
B [ ] $_____ immediately, balance due (in accordance with C, D, of E); or
C [ ] not later than_____from the entry of Judgment, or
D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
E [ ] in _____(e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

The restitution and special assessment are due immediately, shall be paid through the Clerk of Court, and are payable during the period of incarceration, with any balance to be paid within two years of the defendant's release from custody.

The restitution and special assessment shall be paid to the Clerk, U.S. District Court at P.O. Box 983, Harrisburg, PA 17108.

The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived.

[ ] Joint and Several

[ ] The defendant shall pay the cost of prosecution in the amount of

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and Linden Street, Room 423, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 B (Rev 8/96) Sheet 6 - Statement of Reasons

Defendant:   Daniel George Brown                                    Judgment-Page 6  of 6
Case Number: CR-98-00233-001 and CR-99-00037-001

## STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[x] The court adopts the factual findings and guideline application in the presentence report except
   (see attachment, if necessary): The Court finds that the defendant's criminal history category is II, rather than III.

**Guideline Range Determined by the Court**

Total Offense Level:____22_____

Criminal History Category:____II____

Imprisonment Range: 46__ to 57___ months

Supervised Release Range: 0__ to _3__ years.

Fine Range: $7,500 to $ 75,000

   [x] Fine is waived or below the guideline range, because of the defendant's inability to pay.

Total Amount of Restitution: $ 44,664.38_____

   [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from  the fashioning of the restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(d).

   [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered  because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

   [ ] Partial restitution is ordered for the following reason(s):

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reasons to depart from the sentence called for by application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s);

**OR**

[ ] The sentence departs from the guideline range

   [ ] upon motion of the government, as a result of defendant's substantial assistance.

   [ ] for the following reasons(s):

**8**

**U. S. Department of Justice**

Immigration and Naturalization Service

# Notice of Intent/Decision to Reinstate Prior Order

File No.  **A074 992 221**

Case No:  **PHI9908000489**

Date:  **May 4, 2001**

Name:  **Daniel George BROWN**

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR241.8, you are hereby notified that the Attorney General intends to reinstate the order of     **Deportation**     entered against you.  This intent is based on
(Deportation / exclusion / removal)

the following determinations:

1. You are an alien subject to a prior order of (deportation) exclusion / removal entered on     **March 18, 1997**     at
(Date)

   **Baltimore, Maryland**   .
   (Location)

2. You have been identified as an alien who:

   ☒  was removed on   **March 31, 1997**   pursuant to an order of deportation / exclusion / removal.
   (Date)

   ☐  departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
   (Date)

   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about   **Unknown Date**   at or near   **Unknown place**
   (Date)                                        (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order.  You may contest this determination by making a writen or oral statement to an immigration officer.  You do not have a right to a hearing before an immigration judge.

*The facts that formed the basic of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the*  **ENGLISH**  *language.*

**MICHELE KENNEDY**
(Printed or typed name of official)

_Michele Kennedy_
(Signature of officer)

SPECIAL AGENT          8/1/2001
(Title of officer)

@ FDC /Philadelphia

## Acknowledgment and Response

I ☐ do ☒ do not  wish to make a statement contesting this determination.

8/1/2001
(Date)

_Daniel Brown_
(Signature of Alien)

## Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

8/1/01
(Date)

**PHILADELPHIA, PA**
(Location)

_Kevin F. O'Neil_
(Signature of authorized deciding INS official)

**KEVIN F. O'NEIL**
(Printed or typed name of official)

**ACTING ADDI**
(Title)

Form I-871 (Rev. 6-5-97)

Form I-215B
(Rev. 9-1-72)

# UNITED STATES DEPARTMENT OF JUSTICE

### IMMIGRATION AND NATURALIZATION SERVICE

### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

# AFFIDAVIT

Case No:  PHI9908000489

IN RE: Daniel G. BROWN _____    FILE NO.  074 992 221 _____

EXECUTED AT Philadelphia, PA _____    DATE  May 4, 2001 _____

Before the following officer of the U.S. Immigration and Naturalization Service: MICHELE KENNEDY

in the ENGLISH _____ language.  Interpreter  MICHELE KENNEDY _____ used.

I, DANIEL G. BROWN _____ , acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States.  He has informed me that he desires to take my sworn statement regarding: My name, date of birth, country of citizenship and immigration status.

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:
"You have the right to remain silent.
Anything you say can be used against you in court, or in any immigration or administrative proceeding.
You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time.  You also have the right to stop answering at any time until you talk to a lawyer."
I am willing to make a statement without anyone else being present.  I swear that I will tell the truth, the whole truth, and nothing but the truth,  so help me,  God.
Being duly sworn, I make the following statement:

*Refused to provide statement*

What is your true and correct name?

What is your date of birth?

Where were you born?

What country are you a citizen of?

What country are your parents citizens of?

When and where did you last enter the United States?

How did you last enter the United States?  Did you have a passport, visa, green card?

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-215B

| Alien's Name | File Number | Date |
|---|---|---|
| Daniel G. BROWN | Case No: PHI9908000489<br>074 992 221 | May 4, 2001 |

Have you ever been deported from the United States?


Do you remember when you were deported?


Do you have any fear if you return to your country?


Are you willing to return to your country?


Is there anything you would like to add to this statement?


_____            _____
Alien signature                                     Date


_____            _____
Officer signature and title                         Date


| Signature | Title |
|---|---|
| | |

<u>  2  </u> of <u>  2  </u> Pages

Form I-831 Continuation Page (Rev. 6/12/92)